

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FAIR OPERATING, INC. AND RALPH E. FAIR, INC. | § § § § § § § § § § § | |
| Plaintiffs, | | |
| | | NO. SA-04-CA-040418 |
| vs. | | |
| MID-CONTINENT CASUALTY COMPANY, | | |
| Defendant. | | |

### PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Fair Operating, Inc. and Ralph E. Fair, Inc., Plaintiffs, and move for partial summary judgment in their favor on the issue of Defendant Mid-Continent Casualty Company's duty to provide a defense, and for grounds would respectfully show the following:

### Summary Judgment is Proper

1. The duty to defend issue is ripe and appropriate for summary judgment. "Under Texas Law, an insurer's duty to defend is usually determined solely from the allegations in the most recent petition and the language of the insurance policy." *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001) citing *Nat'l. Union Fire Ins. Co. of Pittsburgh, PA. v. Merch. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997). Texas courts apply the "eight corners" or "complaint allegation" rule to determine whether an insurer has a duty to defend. *See*



*Potomac Ins. Co. of Illinois v. Jayhawk Medical Acceptance Corp.*, 198 F.3d 548, 551 (5th Cir.2000). Under the "eight corners" rule, courts must first look to the factual allegations in the pleadings, without reference to any extrinsic facts, to ascertain whether the alleged conduct potentially requires coverage. *St. Paul Ins. Co. v. Texas Dept. of Transp.*, 999 S.W.2d 881, 884 (Tex. App.–Austin 1999, writ denied); *Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex. App.–Houston [1st Dist.] 1990, writ denied). Summary judgment is, therefore, appropriately considered by the Court as no independent factual discovery need be undertaken. *Id.*

## Law

2.  An insurer has a duty to defend an insured in actions brought by a third party who asserts claims potentially covered by the insurance policy. See *St. Paul Guardian Ins. Co. v. Centrum GS Ltd.*, 283 F.3d 709, 713 (5th Cir. 2002); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001); *Gulf States Ins. Co. v. Alamo Carriage Serv.*, 22 F.3d 88, 90 (5th Cir.1994); *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997); *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997). In Texas, when determining an insurer's duty to defend an insured, Courts follow the "eight corners" or "complaint allegation" rule. See *St. Paul Guardian Ins. Co.*, 283 F.3d at 712; *Guaranty Nat. Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998); *American States Ins. Co. v. Bailey*, 133 F.3d 363, 369 (5th Cir. 1998); *Lafarge Corp. v. Hartford Cas. Ins. Co.*, 61 F.3d 389, 393 (5th Cir. 1995); *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141. Under this rule, an insurer's duty to defend is determined by examining "the allegations in the most recent petition and the language of the insurance policy." *Harken Exploration Co.*, 261 F.3d at 471; *accord*

*St. Paul Guardian Ins. Co.*, 283 F.3d at 713; *Bailey*, 133 F.3d at 369; see *Gulf States Ins. Co.*, 22 F.3d at 90; *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141. "The duty to defend arises when a third party sues the insured on allegations that, if taken as true, potentially state a cause of action within the terms of the policy." *St. Paul Guardian Ins. Co.*, 283 F.3d at 713 (quoting *Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex. App.-Houston [1st Dist.] 1990, writ denied)); accord *Harken Exploration Co.*, 261 F.3d at 471 (*citing Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141). If the complaint is unclear or ambiguous, or there is doubt whether an allegation states a cause of action within the coverage of a liability policy, the complaint is construed liberally in favor of the insured and any doubt is resolved in favor of potential coverage. See *Harken Exploration Co.*, 261 F.3d at 471; *Continental Sav. Ass'n v. United States Fid. & Guar. Co.*, 762 F.2d 1239, 1243 (5th Cir.), amended on other grounds on reh'g, 768 F.2d 89 (1985); *Rhodes v. Chicago Ins. Co.*, 719 F.2d 116, 119 (5th Cir. 1983).

3.  "In reviewing the underlying pleadings, the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged." *Bailey*, 133 F.3d at 369 (quoting *Merchants Fast Motor Lines, Inc.*, 939 S.W.2d at 141); accord *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex.1997). The court must ascertain whether the facts, as alleged, fall within the policy's coverage. See *Houston Petroleum Co.*, 830 S.W.2d at 155. In making this assessment, the court may not consider the truth or falsity of the allegations in the underlying pleadings. See *Vic Mfg. Co.*, 143 F.3d at 193; *Enserch Corp. v. Shand Morahan & Co.*, 952 F.2d 1485, 1492 (5th Cir. 1992); *Argonaut Southwest Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex. 1973). Instead, all the facts alleged in the third party's complaint are assumed to be true. See *St. Paul Guardian Ins. Co.*, 283

F.3d at 713; Houston Petroleum Co., 830 S.W.2d at 155. Moreover, the insurance company's duty to defend is not affected by extrinsic evidence, including facts learned before, during, or after the suit. See American Alliance Ins. Co. v. Frito-Lay, Inc., 788 S.W.2d 152, 154 (Tex. App.-Dallas 1990, writ dism'd). Even if the allegations in the third party's complaint are known or discovered to be untrue, an insurer that has contracted to defend must do so. See Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22, 24 (Tex. 1965). If there is "doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in the insured's favor. Ryland Group, Inc. v. Travelers Indem. Co. of IL, 2000 WL 33544086, 4 (W.D. Tex. 2000) (not reported in F. Supp. 2d) quoting Heyden at 26.

4. An insurer is obligated to defend an insured as long as the complaint alleges at least one cause of action within the scope of the policy. See Lafarge Corp., 61 F.3d at 393; Rhodes, 719 F.2d at 119. "If the complaint alleges multiple claims or claims in the alternative, some of which fall within the coverage of the policy and some of which do not, the duty to defend arises if at least one of the claims is facially within the policy's coverage." Lafarge Corp., 61 F.3d at 393; see Federated Mut. Ins. Co., 197 F.3d at 726. "If coverage exists for any portion of a suit, the insurer must defend the insured in the entire suit." St. Paul Guardian Ins. Co., 283 F.3d at 714 (quoting St. Paul Fire & Marine Cas. Ins. Co., 249 F.3d at 391); accord Harken Exploration Co., 261 F.3d at 474. Moreover, the duty to defend is owed by each insurer whose policy is potentially implicated and remains absolute until the insurer proves that its policy covers no remaining claims. See Gulf Chem. & Metallurgical Corp. v. Associated Metals & Minerals Corp., 1 F.3d 365, 372 (5th Cir.

1993).

5.   At least one case has decided coverage issues, with respect to pollution, of an oil & gas operator's commercial general liability policy. See <u>Harken Exploration Co. v. Sphere Drake Ins. PLC</u>, 261 F.3d 466 (5th Cir. 2001). Both the <u>Harken</u> and Fair insurance contracts create a duty to defend the insured against a suit alleging damages caused by an "occurrence" (a term defined within the policy). See **Appendix Tab 2**.

6.   The <u>Harken</u> insurance policies defined occurrence as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured" (the Fair policy definition of occurrence: "an accident, including continuous or repeated exposure to substantially the same general harmful conditions"). See **Appendix Tab 2**. Neither policy, however, defines "accident." The <u>Harken</u> court gave "accident" its plain, ordinary, and generally accepted meaning. See also <u>Western Reserve Life Ins. v. Meadows</u>, 261 S.W.2d 554, 557 (1953).

7.   The Texas Supreme Court has not articulated a hard and fast rule for when an "accident" occurs. See <u>Mid-Century Ins. Co. of Texas v. Lindsey</u>, 997 S.W.2d 153, 155 (Tex. 1999)("[a]n injury caused by voluntary and intentional conduct is not an accident just because the result or injury may have been unexpected, unforeseen, and unintended ... [although,] the mere fact that an actor intended to engage in the conduct that gave rise to the injury does not mean that the injury was not accidental."). "It is reasonably clear that an accident has two elements: 1) an action and 2) that action's effect–that is, the resulting damage . . ." See <u>Harken</u> at 472.

8.   The Texas Supreme Court has held that there is an accident when the

action is intentionally taken, but is performed negligently, and the effect is not what would have been intended or expected had the action been performed non-negligently.  See *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 828 (Tex.1997) ("accident includes the negligent acts of the insured causing damage which is undesigned and unexpected."); *Massachusetts Bonding & Ins. Co. v. Orkin Exterminating Co.*, 416 S.W.2d 396, 400 (Tex.1967) (finding there was an accident when the action, the deliberate fumigation of a rice mill was performed negligently, and the effect was neither the intended nor the expected result had the fumigation been performed non-negligently), *Federated Mut. Ins. Co.*, 197 F.3d at 726 (finding there was an accident when the action, the deliberate instillation of parking lot fill material was performed negligently, and the effect was neither the intended nor the expected result had the installation been performed non-negligently).  <u>In other words, if the act is deliberately taken, performed negligently, and the effect is not the intended or expected result had the deliberate act been performed non-negligently, there is an accident</u>.

9.   In *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466 (5th Cir. 2001), the plaintiffs allege: 1) that Harken operated an oil facility on the plaintiffs' Ranch; 2) that various lines, tanks, and wells ruptured, leaked, and overflowed releasing pollutants, including saline substances, and continued to do so; 3) that the pollutants contaminated the Ranch's water, killed their cattle, destroyed vegetation, and generally damaged the Ranch and continued to do so; 4) that Harken

negligently, carelessly, and wrongfully polluted the Ranch when it knew or should have known that such actions would cause damage; and 5) that Harken acted and was acting maliciously with subjective and actual awareness that its actions would cause property damage.  Applying the *Harken* plaintiffs' factual allegations to the Texas Supreme Court's definition of "accident," the *Harken* court determined that the plaintiffs had alleged an accident.  The operation of the *Harken* oil facilities is the action deliberately taken, but alleged to have been performed negligently.  The contaminated water, dead cattle, etc., caused by the pollutants, including saline substances, are the unintended and unexpected effects of the non-negligent operation of an oil facility.

   10.   In *Harken*, the parties agreed that "Exclusion (F)" in the Policies narrowed the insurer's initial duty to defend Harken against a suit alleging damages caused solely by the discharge, dispersal, release, or escape of pollutants.  In the instant matter, the Fair policy Pollution Liability Coverage addendum deletes "Exclusion (F)" in favor of exclusions that do not apply to the current situation.  *See* **Appendix Tab 2**.

   11.   The *Harken* plaintiffs alleged that the various lines, tanks, and wells ruptured releasing pollutants, including saline substances.  The Fifth Circuit Court determined that the word "rupture" intimates that the release was sudden.  Therefore, since the release was sudden, and since the Court had already determined that the pollution was the result of an accident, the *Harken* Court determined that the alleged

release of the pollutants was sudden and accidental. Finally, a determination that the alleged release was sudden and accidental thus brought the plaintiffs' claims within insurer's duty to defend.

### Argument

12.     The latest pleading in the Hidalgo County litigation is the Intervenors' Fifth Amended Plea in Intervention. **(Appendix Tab 1)**. The Hidalgo County Intervenors allege that Fair Operating owned or operated an instrumentality from which contaminants "**escaped**" and now migrate through the Intervenors' properties. **(Appendix Tab 1)**. Intervenors allege that Defendants knew or should have known of the escape. **(Appendix Tab 1)**. Intervenors allege that the Defendant violated duties under the Texas Natural Resources Code, the Texas Health and Safety Code, and the Texas Water Code. **(Appendix Tab 1)**. Intervenors allege that Defendant created a public and private nuisance. Intervenors allege negligence, gross negligence, and negligence *per se* causing damage to person and property. **(Appendix Tab 1)**. The Hidalgo County Intervenors also allege trespass. **(Appendix Tab 1)**.

13.     The operative word in Hidalgo County Intervenors' petition is "**escape**." Mid-Continent's denial or refusal to provide a defense recites that "the factual allegations contained in the suit do not meet the requirement of an 'occurrence' or any 'sudden and accidental' emission, discharge, release, **or escape** of pollutants as required in the oil and gas endorsement GL 1116 or MCG/ML 1419 applicable to

pollution liability coverage." *See* attached correspondence from attorney Jim Johnson of Mid-Continent Casualty, **(Appendix Tab 3)**. Defendant's Original Answer also claims as an "affirmative defense" that the Hidalgo County Intervenors do not allege escape. **(Appendix Tab 9, paragraphs 25-27)**.

14.   In Mid-Continent's letter denial of a defense and coverage, its attorney states that the factual allegations contained in the Hidalgo County suit will not be covered because no **escape** has been alleged. **(Appendix Tab 6)**. However, in paragraph 32 of the Fifth Amended Plea in Intervention in the Hidalgo County case, an **escape** is specifically referenced. **(Appendix Tab 1)**. Therefore, a defense is clearly owed to the insured in this case. The pleadings use the word "escape," yet Mid-Continent's counsel relies on the absence of "escape" allegations.

15.   Additionally, the term "**escape**" is defined by the Merriam-Webster dictionary as "to issue from confinement." The term "**escape**" also intimates sudden action.

16.   The factual allegations contained in the Hidalgo County Plaintiffs' Petition set forth factual allegations that trigger a duty to defend by Mid-Continent. The allegation of an "**escape**" is a "sudden and accidental" allegation. Mid-Continent's attorney admits in his denial letter that an "**escape**" is a covered element. **(Appendix Tab 6)**. Movant hereby seeks summary judgment finding that Mid-Continent was obligated, but failed, to provide a defense to Plaintiffs under the specific requirements of the policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Fair Operating, Inc. and Ralph E. Fair, Inc. pray that this Court grant their Partial Motion for Summary Judgment and orders Defendant Mid-Continent Casualty Company be found to owe a defense to Plaintiffs as alleged herein, and that Plaintiffs have judgment of the Court declaring that Defendant is obligated to provide a defense to the claims of the Intervenors pending against it in the Hidalgo County litigation. Plaintiffs pray for general relief and to any other awards to which they may be entitled.

Respectfully submitted,

DROUGHT, DROUGHT & BOBBITT, L.L.P.
2900 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
(210) 225-4031 Telephone
(210) 222-0586 Telecopier

By: _____
Calhoun Bobbitt
State Bar No. 02530700
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent by:

    _____    U.S. Certified Mail, Return Receipt Requested to:
    _____    Facsimile to:
    _____    First Class Mail to:
    ✓    Hand Delivery to:

Robert E. Valdez
Lynn Layne Rada
RAY, VALDEZ, McCHRISTIAN & JEANS
9311 San Pedro, Suite 700
San Antonio, Texas 78216

on this the 21 day of July, 2004.

_____
Calhoun Bobbitt

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

## Notice of Document/Attachment(s)/Pages Not Imaged

## See Case File to View/Copy Document/Attachment(s)

| | |
|---|---|
| ✓ | Document and/or attachments exceed 100 pages. |
| ___ | Transcript |
| ___ | Exhibits or attachments submitted in binders or spiral notebooks |